# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES KENZELL CARTER,** ) | |
|     Plaintiff, ) | Civil Action No. 7:21-cv-00348 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **K.D. RAMEY, et al.,** ) | Chief United States District Judge |
|     Defendants. ) | |

## ORDER

Plaintiff Charles Kenzell Carter, proceeding pro se, is a Wyoming inmate housed within the Virginia Department of Corrections ("VDOC") pursuant to an Interstate Corrections Compact ("ICC") contract between Virginia and Wyoming. On June 4, 2021, Carter filed this action under 42 U.S.C. § 1983, alleging, among other claims, that prison officials violated his right to due process by applying Virginia, rather than Wyoming, disciplinary rules and regulations, and by placing him in ambulatory restraints without providing a hearing. Carter has since filed a motion for preliminary injunction in which he seeks injunctive relief related to these claims.* See ECF No. 82. Having reviewed Carter's motion and the defendants' response in opposition, the court concludes that Carter has failed to make a clear showing that he is entitled to the requested injunctive relief. Therefore, the motion for preliminary injunction will be denied.

---

* Carter specifically requests that the court order prison officials to expunge disciplinary infractions, return funds deducted for monetary penalties, transfer him out of the VDOC's Western District, and apply Wyoming rules and regulations to future disciplinary proceedings. Carter also seeks to prohibit prison officials from applying ambulatory restraints in the future.

Preliminary injunctions are "extraordinary" remedies that courts should only grant "sparingly and in limited circumstances." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991) (internal quotation marks omitted). A plaintiff seeking a preliminary injunction must make a "clear showing" that he satisfies four requirements. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Specifically, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.

At this stage of the proceedings, Carter has not satisfied all four requirements for obtaining preliminary injunctive relief. Among other deficiencies, Carter has failed to establish that he is likely to suffer "actual and imminent" irreparable harm in the absence of the requested preliminary injunctive relief. Direx Israel, Ltd., 952 F.2d at 812 (internal quotation marks omitted); see also Winter, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). In attempting to satisfy this requirement, Carter asserts that his "discipline infractions are being used in Wyoming" in a manner that could negatively impact his chance of being released early. Pl.'s Mem. Supp. Mot. for Prelim. Inj., ECF No. 82-1, at 7. According to an attached exhibit, however, Carter is currently serving a sentence of 40 to 80 years for second degree murder, and his "earliest projected parole eligibility date" is January 13, 2045. Sentence Information Document, ECF No. 82-4, at 1. Because Carter is not eligible for parole consideration for over twenty years, he cannot establish a likelihood of imminent

irreparable harm in the absence of an injunction directing prison officials to expunge records of his Virginia disciplinary convictions.

Carter has also failed to demonstrate that he is likely to suffer irreparable harm in the absence of an order prohibiting prison officials from applying ambulatory restraints or requiring prison officials to move him to another facility. "Both the Supreme Court and [the Fourth Circuit] have emphasized . . . that the existence of past harm is far from dispositive on the question of irreparable future harm." SAS Inst., Inc. v. World Programming Ltd., 874 F.3d 370, 386 (4th Cir. 2017) (citations omitted). Even assuming that Carter suffered injury in the past from the use of ambulatory restraints, he has not established a real and immediate threat that he will again be restrained in a similar manner. The prospect of future harm is therefore purely speculative and does not warrant preliminary injunctive relief.

Finally, Carter has not shown that the public interest supports the issuance of a preliminary injunction. Courts have recognized that requests for preliminary injunctive relief in the prison setting must be "viewed with great caution" because of the "complex and intractable problems of prison administration," Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995), and that "[f]ederal judicial micromanagement of state prisons is, among other things, a recipe for poor administrative results," Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 958 (4th Cir. 1995). Accordingly, "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor v. Freeman, 34 F.3d at 266, 268 (4th Cir. 1995). Based on the circumstances presented, the court is unable to conclude that the public interest would be served by

3

interfering with disciplinary, security, or housing decisions before Carter's claims are addressed on the merits. See id., 34 F.3d at 274 n.7 (noting, in vacating a preliminary injunction, that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators"); Sherron v. Ishee, No. 5:20-cv-3183, 2021 U.S. Dist. LEXIS 111713, at *15 (W.D.N.C. June 14, 2021) (emphasizing that courts issue preliminary injunctive relief involving the management of prisons "only in extraordinary circumstances") (citing Taylor, 34 F.3d at 268–69).

For these reasons, the court concludes that Carter has not made a "clear showing" that he is entitled to preliminary injunctive relief. Winter, 555 U.S. at 22. Accordingly, it is hereby **ORDERED** that his motion for preliminary injunction, ECF No. 82, is **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered:  May 2, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.02 14:57:28
-04'00'

Michael F. Urbanski
Chief United States District Judge

4