IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHARLES KENZELL CARTER,** ) | |
| Plaintiff, ) | Civil Action No. 7:21-cv-00348 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **K.D. RAMEY,** et al., ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

Plaintiff Charles Kenzell Carter, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against more than twenty-five individuals employed by or associated with the Virginia Department of Corrections ("VDOC"), including employees at Wallens Ridge State Prison ("Wallens Ridge") and Red Onion State Prison ("Red Onion"). By order entered December 30, 2021, the Clerk was directed to attempt service of process on the named defendants. Shortly thereafter, the case was transferred to the undersigned.

In response to the complaint, defendants B. Witt and J. Bledsoe (collectively, the "medical defendants") filed a motion for more definite statement, and the remaining defendants (collectively, the "VDOC defendants") filed a combined motion for more definite statement and motion to sever. ECF Nos. 71 and 73. Carter has filed a response in opposition to the motions and a motion to supplement his response. ECF Nos. 83 and 86. He has also moved to voluntarily dismiss his claims against three defendants. ECF Nos. 80 and 81. Additionally, Carter has filed a "motion to allow newly discovered evidence" in support of his due process claims. ECF No. 69. Those motions remain pending and are presently before the court. The court's rulings on each motion are set forth below.

### I. Motions for Voluntary Dismissal and Motion to Sever

The court will begin by addressing Carter's motions for voluntary dismissal of his claims against B. Witt, Clyde Franks, and David Zook, both of which were filed in response to the defendants' motions. Carter acknowledges that Witt may have been mistakenly named as a defendant in this action. Consequently, he requests that the claims against Witt be dismissed without prejudice, leaving Bledsoe as the only medical defendant. Similarly, in response to the VDOC defendants' motion to sever claims related to events that occurred at Wallens Ridge, Carter has moved to voluntarily dismiss his claims against Franks and Zook, the only two defendants who are identified in the complaint as Wallens Ridge employees. Carter indicates that he will pursue his claims arising from disciplinary proceedings at Wallens Ridge "at a later time." ECF No. 81 at 2.

For good cause shown, the motions for voluntary dismissal, ECF Nos. 80 and 81, are **GRANTED**. The claims against Witt, Franks, and Zook are **DISMISSED** without prejudice, and the court will direct the Clerk to terminate them as defendants. Additionally, having dismissed the claims against the Wallens Ridge employees, the VDOC defendants' motion to sever such claims, ECF No. 73, is **DENIED** without prejudice as moot.

### II. Motions for More Definite Statement and Motion to Allow Newly Discovered Evidence

Carter's forty-five-page complaint appears to primarily focus on actions and events that allegedly occurred at Red Onion. The defendants have moved for a more definite statement on the basis that the complaint fails to articulate claims with sufficient clarity to allow them to prepare a response. Having reviewed the complaint, the defendants' motions, and Carter's

response,* the court will grant the defendants' motions and require Carter to file an amended complaint.

To comply with federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must also present his claims in separate paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." Stanard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011).

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Rule 12(e) permits a party to "move for a more definite statement of a pleading" that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "While not a substitute for discovery, a Rule 12(e) motion is appropriate when a lack of notice of the claims leaves defendant[s] unable to formulate a response that both answers the allegations and asserts appropriate affirmative defenses." Ramey v. Hartman, No. 6:19-cv-00003, 2019 U.S. Dist. LEXIS 58103, at *2 (W.D. Va. Apr. 3, 2019) (citations omitted).

As the defendants explain in their supporting memoranda, Carter's complaint fails to articulate his claims with sufficient clarity to allow the defendants to reasonably prepare a

---

* The court will grant Carter's motion to supplement his response to the medical defendants' motion for more definite statement. However, the supplemental argument presented in response to the motion does not alter the court's decision. In short, the mere fact that the medical defendants' motion was docketed the day before their attorney filed a notice of appearance on behalf of J. Bledsoe does not warrant denying the motion.

3

response. While some claims are numbered, others are sprinkled throughout the pleading, which has no coherent order or structure. For instance, Carter lists "Claim 1" as "Violation of Due Process Clause." Compl., ECF No. 1, at 6. However, he then proceeds to assert claims of "denial of due process and medical care," "excessive force," and "cruel and unusual punishment misuse of five-point restraints." Id. at 10–11. That portion of the complaint is followed by sections identified as "(1-A)(1-B) 14th Amendment Violations Due Process Property," "1A-Deprivation of Exercise 8th Amendment," "1B-Failure to Supervise Prison Conditions," "1-C Shelter Conditions," "1-D Racial Discrimination," "1-E Retaliation," "1-F Medical/CDC Vaccine Violation," "Failure to Supervise," "Violation of Statute Enacted By Congress," and "Medical Malpractice." Id. at 18–28. The complaint then includes another section titled "Claims of Relief," which references, among other claims, "medical and mental health malpractice," "due process violations," "excessive force," "negligent failure to protect," "assault and battery," "sexual assault," "deliberate indifference to medical needs," "retaliation," and "medical maltreatment." Id. at 29–37. Although specific defendants are mentioned throughout the complaint, it is virtually impossible to determine which claims are asserted against each defendant and which allegations are intended to support each claim. Additionally, it is unclear from the complaint when certain incidents occurred.

For these reasons, the defendants' motions for more definite statement, ECF Nos. 71 and 73, are **GRANTED**. The court will require Carter to file an amended complaint within thirty days. Because the amended complaint will supersede the original complaint and become the operative pleading in this action, Carter's motion to allow newly discovered evidence in

support of the due process claims in the original complaint, ECF No. 69, is **DENIED** without prejudice as moot.

### III.   Conclusion

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. Carter's motions for voluntary dismissal, ECF Nos. 80 and 81, are **GRANTED**. The claims against Witt, Franks, and Zook are **DISMISSED** without prejudice, and they shall be terminated as defendants.

2. The medical defendants' motion for more definite statement, ECF No. 71, is **GRANTED**;

3. The VDOC defendants' combined motion for more definite statement and motion to sever, ECF No. 73, is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**;

4. Carter's motion to supplement his response to the medical defendants' motion for more definite statement, ECF No. 86, is **GRANTED**;

5. Carter's motion to allow newly discovered evidence in support of the due process claims in the original complaint, ECF No. 69, is **DENIED WITHOUT PREJUDICE**; and

6. Carter shall file an amended complaint within thirty days of the entry of this order. The first page of the amended complaint must contain a list of defendants. Thereafter, in the body of the amended complaint, Carter must clearly list and number each of his claims based on alleged actions or events at Red Onion (Claim 1, Claim 2, etc.), and he must clearly identify which

5

defendants are named as to each claim. Additionally, for each claim, the amended complaint must set forth the specific facts supporting that claim (including relevant dates), preferably in numbered paragraphs.

The Clerk is directed to send a copy of this order to the parties. The Clerk is further directed to send Carter a copy of his original complaint.

It is so **ORDERED**.

Entered: June 21, 2022

Digitally signed by
Michael F. Urbanski
Chief U.S. District Judge
Date: 2022.06.21
15:58:11 -04'00'

Michael F. Urbanski
Chief United States District Judge