CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 26, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES KENZELL CARTER, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>K.D. RAMEY, *et al.*, )<br>   Defendants. ) | Civil Action No. 7:21-cv-00348<br><br>By: Elizabeth K. Dillon<br>     Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Carter, a state inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against more than 20 defendants, including correctional officers at Red Onion State Prison (Red Onion).  Pending before the court is a motion for sanctions that Carter filed in response to defendants' motion for summary judgment.* (Dkt. No. 139.)  Carter seeks to sanction defendants and their former counsel, Laura Maughan, on the basis that an affidavit filed in support the motion for summary judgment was submitted in bad faith.  Carter also has filed a motion for reconsideration of a prior order granting Maughan's motion to withdraw as counsel of record for defendants.  (Dkt. No. 157.)  For the following reasons, both motions will be denied.

I.  BACKGROUND

In his amended complaint, Carter alleges, among other claims, that he was placed in ambulatory restraints "without due process" on February 19, 2021, by defendants J.B. Hall, A. Duncan, T.L. Woods, J.R. Massengill, and B.L. Taylor.  (Am. Compl. 3, ECF No. 97.)  He alleges that he remained in ambulatory restraints for 18 hours and that the restraints cut off his circulation and "caused physical injur[ies] and lasting pain and bruises to [his] limbs."  (*Id.* at 3–4.)

---

* Defendants' motion for summary judgment (Dkt. No. 121) will be addressed separately.

In their motion for summary judgment, defendants raise the defense of failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. Relying on an affidavit executed by C. Vilbrandt, the grievance coordinator at Red Onion, defendants argue that "Carter's grievance file contains no documentation of an informal complaint, followed by a regular grievance accepted at intake and appealed through the highest level of appeal for any complaint regarding Carter being placed in ambulatory restraints on February 19, 2021." (Defs.' Mem. Supp. Mot. Summ. J. 20 (citing Vilbrandt Aff. ¶ 24, Dkt. No. 122-1).) Although defendants acknowledge that Carter filed an informal complaint and a regular grievance complaining of being unable to use the bathroom or access toilet paper while in ambulatory restraints, defendants maintain that Carter "did not grieve the application of the ambulatory restraints." (*Id.* (citing Vilbrandt Aff. ¶ 24).)

In response to defendants' motion for summary judgment, Carter submitted several exhibits, including a copy of an informal complaint that the grievance office received and logged on March 17, 2021. (*See* Pl.'s Mem. Opp'n Mot. Summ. J. Ex. A, Dkt. No. 137-3.) In that complaint, Carter reported that Lt. Messer, who is not a defendant in this action, "administered OC pepper spray . . . in [his] face and body" on February 19, 2021; that defendant Taylor "lied making an excuse for Lt. Messer to spray [him]"; and that defendant Massengill placed him in ambulatory restraints and took him to the shower to decontaminate. (*Id.*) Carter further alleged that he could only wet his face because he was in ambulatory restraints; that he would have suffered more while being restrained for 18 hours if he had gotten his entire body wet in the shower; and that he "still burned all night until released." (*Id.*)

After he responded to the motion for summary judgment, Carter filed the pending motion for sanctions under Federal Rule of Civil Procedure 56(h), along with a declaration in support of

2

the motion. Carter argues that the informal complaint summarized above establishes that Vilbrandt's affidavit was submitted in bad faith. (*See* Decl. Supp. Pl.'s Mot. Sanctions 2, ECF No. 139-1.) He requests that the court "sanction Defendants and hold their counsel in contempt." (*Id.*)

Defendants are represented by attorneys from the Office of the Attorney General of Virginia (OAG). Their motion for summary judgment was filed by then-Assistant Attorney General Laura Maughan. Several weeks after Carter filed the motion for sanctions, Maughan moved to withdraw from representing defendants on the basis that she was ending her employment with the OAG. (Dkt. No. 153.) That motion was granted on November 14, 2023. (Dkt. No. 154.)

Carter subsequently filed a motion for reconsideration of the order granting Maughan's motion to withdraw. (Dkt. No. 157.) Carter contends that Maughan should not have been permitted to withdraw from the case since his motion for sanctions is still pending.

## II.  DISCUSSION

### A. Motion for Sanctions

Rule 56(h) permits a district court to sanction a party or an attorney if an affidavit or declaration filed in connection with a motion for summary judgment "is submitted in bad faith or solely for delay." Fed. R. Civ. P. 56(h). "Awarding sanctions under Rule 56(h) is rare, 'and the conduct involved generally must be egregious.'" *Williams v. Trujillo*, No. 2:18-cv-03239, 2022 WL 1154800, at *3 (D. Ariz. Apr. 19, 2022) (quoting *Raher v. Fed. Bureau of Prisons*, No. 3:09-cv-00526, 2011 WL 4832574, at *8 (D. Or. Oct. 12, 2011)). For example, courts have found sanctions appropriate "where affidavits contained perjurious or blatantly false allegations or

omitted facts concerning issues central to the resolution of the case." *Stern v. Recency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Having reviewed the record, the court is unable to find that defendants or their former counsel engaged in the level of misconduct that would warrant the imposition of sanctions under Rule 56(h). The informal complaint on which Carter relies to support the motion for sanctions complained of being pepper sprayed in the face and body for no valid reason before being placed in ambulatory restraints and taken to the shower to decontaminate. Carter also alleged that he could only wet his face while in ambulatory restraints, that he remained in ambulatory restraints for 18 hours, and that he "burned all night" from the pepper spray until he was released from the restraints. (Pl.'s Mem. Opp'n Mot. Summ. J. Ex. A.) Although Carter clearly mentioned being placed in ambulatory restraints for an extended period, the informal complaint primarily complained about the use of pepper spray and its impact on Carter. Carter did not allege that he was placed in ambulatory restraints without due process or that the restraints themselves caused any physical injuries. Moreover, the informal complaint is only the first step in the applicable grievance process; it must be followed by a regular grievance accepted at intake and appealed through the highest level of appeal. (*See* Virginia Department of Corrections Operating Procedure 866.1 § (I)(D), Vilbrandt Aff. Encl. A, ECF No. 122-1.)

For these reasons, the court concludes that the exhibit submitted by Carter does not blatantly contradict Vilbrandt's sworn statement that "Carter's grievance file contains no documentation of an informal complaint, followed by a regular grievance accepted at intake and appealed through the highest level of appeal for any complaint regarding Carter being placed in ambulatory restraints on February 19, 2021." (Vilbrandt Aff. ¶ 24.) Nor does it otherwise support a finding of bad faith on the part of defendants or their former counsel. Because Carter has not

shown that Vilbrandt's affidavit was "submitted in bad faith or solely for delay," his motion for sanctions under Rule 56(h) will be denied.

**B. Motion for Reconsideration**

In his motion for reconsideration, Carter argues that Maughan should not have been allowed to withdraw from the case while his motion for sanctions was still pending. However, an attorney's withdrawal from a case does not affect the court's authority to impose sanctions. *See New Falls Corp. v. Soni*, No. 2:18-cv-02768, 2023 WL 183109, at *2 (E.D.N.Y. Jan. 13, 2023) ("The Court has authority to sanction an attorney who has withdrawn from the case based on actions committed prior to the attorney's withdrawal.") (collecting cases). Consequently, and in light of the court's ruling on the request for sanctions, the motion for reconsideration will be denied.

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, it is hereby ORDERED as follows:

1. Carter's motion for sanctions under Rule 56(h) (Dkt. No. 139) is **DENIED**; and
2. Carter's motion for reconsideration (Dkt. No. 157) is **DENIED**.

The clerk shall provide a copy of this memorandum opinion and order to the parties.

Entered: September 26, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge